IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JASON DENEEN,

    Plaintiff,

vs.

MHC PROPERTY MANAGEMENT, LP,
a Delaware Limited Partnership, d/b/a
Loggerhead Marina,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, JASON DENEEN, sues Defendant, MHC PROPERTY MANAGEMENT, LP, and shows:

### Introduction

    1.    This is an action by JASON DENEEN against his former employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 and Florida law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

    4.    Plaintiff, JASON DENEEN, (hereinafter "DENEEN") a resident of Broward County, was at all times material, employed by MHC PROPERTY MANAGEMENT, LP,

as a dock hand, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with MHC PROPERTY MANAGEMENT, LP, and was engaged in commerce or in the production of goods for commerce.

5. Defendant, MHC PROPERTY MANAGEMENT, LP (hereinafter, "MHC PROPERTY"), is a Delaware limited partnership doing business throughout the United States with facilities in several cities and states, including Lantana, Florida, where DENEEN worked. MHC PROPERTY is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where DENEEN was employed. At all times pertinent to this Complaint, MHC PROPERTY operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and MHC PROPERTY obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

### Count I – Violation of FLSA by Defendant MHC PROPERTY – Overtime

6. Plaintiff, JASON DENEEN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. Since on or about May 2020 up to and including February 2022, Defendant MHC PROPERTY has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically DENEEN, during several workweeks of his employment, has worked in excess of 40 hours and was not compensated for all overtime hours worked at one-and-a-half times his regular rate of pay. To wit: MHC PROPERTY has a policy of automatically deducting either a 30 or 60 minute lunch break from its employees' compensable time. Because of the workload, DENEEN was not fully relieved of his job duties and was not able to take a break. Thus, during most workweeks, DENEEN worked an additional 2.5 to 5 hours weekly without compensation, most of which were overtime hours.

8. The failure to pay overtime compensation to DENEEN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

9. MHC PROPERTY's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and DENEEN's status as non-exempt, and it was well aware that DENEEN and other employees were unable to take a bona fide uninterrupted meal break, but chose to ignore this and failed to pay him in accordance with the Act.

10. DENEEN is entitled pursuant to 29 U.S.C. § 216(b), to recover from MHC PROPERTY:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JASON DENEEN, prays that this Court will grant judgment against Defendant MHC PROPERTY:

    a.    awarding DENEEN payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b.    awarding DENEEN an additional equal amount as liquidated damages;

    c.    awarding DENEEN his costs, including a reasonable attorney's fee; and

    d.    granting such other and further relief as is just.

### Count II – Unpaid Wages owed by MHC PROPERTY – Non-Overtime Wages

11.    Plaintiff, JASON DENEEN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

12.    Due to holidays and other days that DENEEN may not have worked a full day, there may be some workweeks where DENEEN did not work overtime, but still was not paid for all of his hours worked.

13.    DENEEN agreed to work for MHC PROPERTY for an hourly rate for all hours worked.

14.    The failure to pay DENEEN his agreed upon wage for all hours worked entitles him to be compensated in full for the same.

15.    DENEEN is entitled to attorney's fees and costs pursuant to Florida Statutes § 448.08.

WHEREFORE, Plaintiff, JASON DENEEN, prays that this Court will grant judgment against Defendant MHC PROPERTY:

    a.    awarding DENEEN payment of all unpaid wages found by the court to be due to him under the Florida law, including pre-judgment interest;

    b.    awarding DENEEN his costs, including a reasonable attorney's fee; and

      c.    granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: April 6, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*